IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

FLORENCE DIVISION

| | |
|---|---|
| Synovus Bank, formerly known as NBSC a division of Synovus Bank, <br><br> Plaintiff, <br><br> vs. <br><br> Stevens Law Firm a/k/a Stevens Law Firm, PC a/k/a The Stevens Law Firm, Professional Corporation; and James P. Stevens, Jr.; <br><br> Defendants. | **COMPLAINT** <br><br> **Foreclosure/Collection on Guaranty/Reformation/ Receiver** <br><br> **Judgment Demanded Pursuant to S.C. Code § 29-3-650** <br> **(Non-Jury)** |

The Plaintiff above-named, complaining of the Defendants herein, would respectfully show:

1. Plaintiff Synovus Bank, formerly known as NBSC a division of Synovus Bank ("Plaintiff"), is a banking corporation organized and existing under and pursuant to the laws of the State of Georgia, with its principal place of business in Columbus, Georgia.

2. Upon information and belief, the Defendant Stevens Law Firm a/k/a Stevens Law Firm, PC a/k/a The Stevens Law Firm, Professional Corporation ("Stevens Law Firm") is a professional corporation organized and existing under and pursuant to the laws of the State of South Carolina and doing business in Horry County, South Carolina.

3. Upon information and belief, the Defendant James P. Stevens Jr. ("James Stevens") is a citizen and resident of Brunswick County, State of North Carolina.

4. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) because the parties are diverse and the amount in controversy exceeds $75,000.00, exclusive of costs and interest.

5. This Court has personal jurisdiction over Defendant Stevens Law Firm because it is incorporated in South Carolina and has its principal place of business in South Carolina.

6. This Court has personal jurisdiction over Defendant James Stevens as the facts and circumstances giving rise to the causes of action that are the subject of this action occurred in South Carolina.

7. Venue is proper with this Court pursuant to 28 U.S.C. § 1391(b)(2) because the most substantial part of the events giving rise to this action occurred in this judicial district, and because the real property which is the subject of this action is located in this district.

8. This case is appropriately filed in the Florence Division of this Court, as the real property which is the subject of this action is located in this Division in Florence County.

9. Pursuant to South Carolina Supreme Court's Administrative Order filed on May 2, 2011, (2011-03-02-01) the real property involved herein is commercial property and is not an "owner-occupied dwelling" as defined in the Order. As such, the Administrative Order does not apply to this foreclosure.

**FOR A FIRST CAUSE OF ACTION**
**(Foreclosure – Note/Mortgage)**

10. Each and every allegation in the above-numbered paragraphs is repeated herein as if stated verbatim.

11. On or about May 30, 2012, the Defendant Stevens Law Firm for value received, executed and delivered to Plaintiff a promissory note in the principal sum of Two Hundred Seventy-Four Thousand One Hundred Four and 43/100 ($274,104.43) Dollars, with interest

thereon the terms of which note are more fully explained by reference thereto ("Note A"), a true and correct copy of which is attached hereto as **Exhibit A** and incorporated herein by reference. Note A amends prior notes.

12. In order to secure the payment of Note A, the Defendant James Stevens executed and delivered to the Plaintiff each of the following Real Estate Mortgages:

a. Mortgage of Real Property dated April 19, 1995, and recorded in the Office of the Register of Deeds for Horry County on April 20, 1995, in Mortgage Book 1995 at Page 523 (hereinafter "First Mortgage");

b. Mortgage of Real Property dated December 20, 2005, and recorded in the Office of the Register of Deeds for Horry County on December 21, 2005, in Mortgage Book 4348 at Page 1272 (hereinafter "Second Mortgage");

wherein and whereby James Stevens mortgaged to Plaintiff the following real property more fully described herein as follows:

All and singular, all that certain piece, parcel or lot of land, together with improvements thereon, lying and being in Simpson Creek Township, County and State aforesaid, containing 1.01 acres, more or less, and being more particularly described on a plat of survey prepared for James P. Stevens, Jr., by Jack F. Davis, R.L.S., on May 1, 1987, said plat being recorded in Deed Book 1134 at Page 303, Records of Horry County and being incorporated herein by reference.

This being the same property conveyed to James P. Stevens, Jr. and J. Jackson Thomas, by deed of Stevens, Stevens & Thomas, P.A., recorded in the Office of the Register of Deeds for Horry County on August 12, 1988 in book 1241 at Page 69. Thereafter J. Jackson Thomas conveyed his interest to James P. Stevens, Jr. by deed recorded April 13, 1995 in Book 1794 at Page 1138.

TMS No. 048-10-05-031
Property Address: 3341 Broad Street, Loris

Hereafter referred to as the "Real Property." The First Mortgage and Second Mortgage are collectively referred to as the "Mortgage." A true and correct copy of said Mortgage is attached hereto as **Exhibit B** and incorporated herein by reference.

3

13. Thereafter, the Plaintiff and Stevens Law Firm and James P. Stevens, Jr. entered into those certain Modification Agreements dated May 1, 2017 and May 18, 2018, the terms of which modifications are more fully explained by reference thereto, and a true and correct copy of which is attached hereto as **Exhibit C** and incorporated herein by reference (collectively, the "Modifications").

14. The Plaintiff is the owner and holder of Note A, Mortgage and Modifications.

15. The Defendant Stevens Law Firm has defaulted in the payment of Note A given to Plaintiff by failing to pay Plaintiff, on demand, the principal and interest due under said documents, and all interest due thereon. Said Note A is therefore in default and Plaintiff has declared the entire balance owing on Note A to be immediately due and payable.

16. The Mortgage is a valid first and second lien on the Real Property.

17. There is due and unpaid on Note A, as of May 9, 2019, the principal sum of Ninety-Five Thousand Ninety-Seven and 27/100 ($95,097.27) Dollars, plus interest in the amount of One Hundred Twenty-One and 52/100 ($121.52) Dollars. Demand has been made upon the Defendant Stevens Law Firm to pay said amounts but said Defendant has refused to pay the same, or any part thereof, and said refusal is continuing, all to Plaintiff's injury and damage in the sum of Ninety-Five Thousand Two Hundred Eighteen and 79/100 ($95,218.79) Dollars, plus interest thereon, plus reasonable attorney's fees and the costs and expenses of this action.

18. Plaintiff hereby expressly seeks a judgment against the Defendant Stevens Law Firm pursuant to S.C. Code Ann. § 29-3-650 for the full amount due under Note A in the amount of Ninety-Five Thousand Two Hundred Eighteen and 79/100 ($95,218.79) Dollars as of May 9, 2019, plus ongoing interest thereon, plus reasonable attorney's fees and the costs and expenses of this action.

19. The Plaintiff also hereby expressly seeks the foreclosure and sale of the Real Property pursuant to S.C. Code Ann. § 29-3-650. The judgment entered against Stevens Law Firm shall be credited by the amount of the high bid entered at any subsequent foreclosure sale of the Real Property, as provided in the statute. Plaintiff reserves the right to any deficiency judgment as to Defendant Stevens Law Firm after crediting the bid.

## FOR A SECOND CAUSE OF ACTION
**(Collection on Guaranty)**

20. Each and every allegation in the above-numbered paragraphs is repeated herein as if stated verbatim.

21. In consideration of the above referenced Note A, James P. Stevens, Jr. ("Guarantor") executed a Guaranty dated May 30, 2012 ("Guaranty A") whereby he individually, jointly and severally, absolutely and unconditionally guaranteed the payment of Note A and Mortgage to Plaintiff and all extensions and renewals thereof. A true and correct copy of Guaranty A is previously attached hereto as **Exhibit D** and is incorporated herein by reference.

22. As further consideration for Note A, Guarantor agreed to pay all costs of collection, including reasonable attorney's fees.

23. Plaintiff has declared the entire balance of Note A and Guaranty A due and payable and hereby demands payment of the same, but the Guarantor has refused to pay, and therefore is in default under the terms of the Guaranty A.

24. There is due and unpaid on Note A and Guaranty A, as of May 9, 2019, the principal sum of Ninety-Five Thousand Ninety-Seven and 27/100 ($95,097.27) Dollars, plus interest in the amount of One Hundred Twenty-One and 52/100 ($121.52) Dollars. Demand has been made upon the Guarantor to pay said amounts but said Guarantor has refused to pay the

same, or any part thereof, and said refusal is continuing, all to Plaintiff's injury and damage in the sum of Ninety-Five Thousand Two Hundred Eighteen and 79/100 ($95,218.79) Dollars, plus interest thereon, plus reasonable attorney's fees and the costs and expenses of this action.

25.     Plaintiff hereby expressly seeks a judgment against the Guarantor pursuant to S.C. Code Ann. § 29-3-650 for the full amount due under Note A and Guaranty A in the amount of Ninety-Five Thousand Two Hundred Eighteen and 79/100 ($95,218.79) Dollars, plus interest thereon, plus reasonable attorney's fees and the costs and expenses of this action.  The judgment entered against the Guarantor shall be credited by the amount of the high bid entered at any subsequent foreclosure sale of the Real Property as provided in the statute.  Plaintiff reserves the right to any deficiency judgment as to the Guarantor after crediting the bid.

### FOR A THIRD CAUSE OF ACTION
**(Collection – Note B)**

26.     Each and every allegation in the above-numbered paragraphs is repeated herein as if stated verbatim.

27.     Heretofore, on or about October 28, 2016, the Defendant Stevens Law Firm for value received, executed and delivered to Plaintiff a Promissory Note (hereinafter "Note B") in the principal sum of Three Hundred Thousand and 00/100 ($300,000.00) Dollars, with interest thereon the terms of which Note B are more fully explained by reference thereto.  A copy of said Note B is attached hereto as **Exhibit E** and incorporated herein by reference.  This Note amends prior notes.

28.     The Mortgage and Real Property, as previously attached hereto as Exhibit B, also secures the payment of Note B.

29.     Thereafter, the Plaintiff and Stevens Law Firm and James P. Stevens, Jr. entered into the Modifications previously attached hereto as Exhibit C.

6

30. The Plaintiff is the owner and holder of Note B.

31. Pursuant to the terms of Note B, the Defendant Stevens Law Firm agreed to pay all costs of collection on Note B, including reasonable attorneys' fees, as further set forth in Note B.

32. The Defendant Stevens Law Firm has defaulted in the payment of the Note B given to Plaintiff by failing to pay Plaintiff, on demand, the principal and interest due under said documents, and all interest due thereon. Said Note B is therefore in default and Plaintiff has declared and does hereby declare the entire balance of Note B due and payable and has demanded and does hereby demand payment of same, but the Defendant Stevens Law Firm has refused to pay.

33. There is due and unpaid on Note B, as of May 9, 2019, the principal sum of One Hundred Sixty Thousand Seven Hundred Thirty-Five and 03/100 ($160,735.03) Dollars, plus interest in the amount of Two Hundred Six and 21/100 ($206.21) Dollars. Demand has been made upon the Defendant Stevens Law Firm to pay said amounts but said Defendant has refused to pay the same, or any part thereof, and said refusal is continuing, all to Plaintiff's injury and damage in the sum of One Hundred Sixty Thousand Nine Hundred Forty-One and 24/100 ($160,941.24) Dollars, plus interest thereon, plus reasonable attorney's fees and the costs and expenses of this action.

34. Plaintiff hereby expressly seeks a judgment against Defendant Stevens Law Firm for the full amount due under Note B in the amount of One Hundred Sixty Thousand Nine Hundred Forty-One and 24/100 ($160,941.24) Dollars, plus interest thereon, plus reasonable attorney's fees and the costs and expenses of this action.

**FOR A FOURTH CAUSE OF ACTION**
(**Collection on Guaranty**)

35. Each and every allegation in the above-numbered paragraphs is repeated herein as if stated verbatim.

36. In consideration of the above referenced Note B, Guarantor executed a Guaranty dated October 28, 2016 ("Guaranty B") whereby he individually, jointly and severally, absolutely and unconditionally guaranteed the payment of Note B to Plaintiff and all extensions and renewals thereof. A true and correct copy of Guaranty B is previously attached hereto as **Exhibit F** and is incorporated herein by reference.

37. As further consideration for Note B, Guarantor agreed to pay all costs of collection, including reasonable attorney's fees.

38. Plaintiff has declared the entire balance of Note B and Guaranty B due and payable and hereby demands payment of the same, but the Guarantor has refused to pay, and therefore is in default under the terms of Guaranty B.

39. There is due and unpaid on Note B and Guaranty B, as of May 1, 2019, the principal sum of One Hundred Sixty Thousand Seven Hundred Thirty-Five and 03/100 ($160,735.03) Dollars, plus interest in the amount of Two Hundred Six and 21/100 ($206.21) Dollars. Demand has been made upon the Guarantor to pay said amounts but said Guarantor has refused to pay the same, or any part thereof, and said refusal is continuing, all to Plaintiff's injury and damage in the sum of One Hundred Sixty Thousand Nine Hundred Forty-One and 24/100 ($160,941.24) Dollars, plus interest thereon, plus reasonable attorney's fees and the costs and expenses of this action.

40. Plaintiff hereby expressly seeks a judgment against the Guarantor pursuant to S.C. Code Ann. § 29-3-650 for the full amount due under Note B and Guaranty B in the amount of One Hundred Sixty Thousand Nine Hundred Forty-One and 24/100 ($160,941.24) Dollars, plus

interest thereon, plus reasonable attorney's fees and the costs and expenses of this action. The judgment entered against the Guarantor shall be credited by the amount of the high bid entered at any subsequent foreclosure sale of the Real Property as provided in the statute. Plaintiff reserves the right to any deficiency judgment as to the Guarantor after crediting the bid.

### FOR A FIFTH CAUSE OF ACTION
**(Reformation)**

41. Each of the allegations in the above numbered paragraphs are repeated and incorporated herein as if stated verbatim.

42. The Real Property description in the Mortgage references incorrect recording information for the plat for said property.

43. Plaintiff seeks an order of this Court to reform the property description to correct the recording information for the plat of the Real Property as follows:

> All and singular, all that certain piece, parcel or lot of land, together with improvements thereon, lying and being in Simpson Creek Township, County and State aforesaid, containing 1.01 acres, more or less, and being more particularly described on a plat of survey prepared for James P. Stevens, Jr., by Jack F. Davis, R.L.S., on May 1, 1987, said plat being recorded in **Book 1134 at Page 304 said plat being filed within the Deed from Laura G. Wood to Stevens, Stevens & Thomas, P.A., recorded in Book 1134 at Page 302**, Records of Horry County and being incorporated herein by reference.

### FOR A SIXTH CAUSE OF ACTION
**(Receiver)**

44. Each of the allegations in the above numbered paragraphs are repeated and incorporated herein as if stated verbatim.

45. By virtue of the defaults referenced herein, Plaintiff seeks the appointment of a receiver to protect and preserve the Real Property and to do all acts necessary or required in

connection with the administration, management, and/or liquidation of the Real Property, including but not limited to the processing and administering of proceeds as to the Real Property.

WHEREFORE, the Plaintiff prays as follows:

1. A Receiver be appointed for the Real Property.

2. That the legal description be corrected to make reference to the correct recording information for the plat for the Real Property.

3. That the amount due Plaintiff on the above-referred to Note A, Note B, Mortgage, Guaranty A and Guaranty B be ascertained and determined under the direction of this Court, together with attorney's fees and the costs of this action.

4. That Plaintiff recover judgment against the Defendant Stevens Law Firm and Guarantor in the amount found to be due, together with attorney's fees and the costs of this action.

5. That the Court ascertain which lien or liens on the Real Property, if any, are prior to that of Plaintiff.

6. That Plaintiff's Mortgage be declared to be a valid lien against the above referred to Real Property with the appropriate priority, and that the Plaintiff have judgment of foreclosure against James P. Stevens, Jr. subject to the liens of any mortgages found to be prior to the Mortgage held by Plaintiff, for the amount found to be due, together with attorney's fees and costs of this action.

7. That Plaintiff's Mortgage upon the above referred to Real Property be foreclosed, subject to the lien of any mortgages found to be superior to that of Plaintiff, the equity of redemption barred, and the Real Property sold under the direction of this Court.

8. For an Order directing and empowering the United States Marshall or the Sheriff of Horry County, South Carolina, to place the successful purchaser at said foreclosure sale in possession of the Property should the same become necessary.

9. That the proceeds of the sale be applied as follows:

    a. to the costs, disbursements, and expenses of this action, including a reasonable attorney's fee for the Plaintiff's attorney;

    b. to the amount due Plaintiff; and

    c. the surplus, if any, be held subject to the further order of this Court.

9. That the Plaintiff be granted judgment against the Defendants Stevens Law Firm and James P. Stevens, Jr., for the full amount due under Note A and Note B at the hearing on the matter, with subsequent credit to be entered against said judgment after the foreclosure sale of the Real Property pursuant to S.C. Code Ann. § 29-3-350.

10. For such other and further relief as the Court may deem just and proper.

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: s/ Graham S. Mitchell
John T. Moore
E-Mail: john.moore@nelsonmullins.com
Graham S. Mitchell
Federal Bar No. 11763
E-Mail: graham.mitchell@nelsonmullins.com
1320 Main Street / 17th Floor
Post Office Box 11070 (29211-1070)
Columbia, SC 29201
(803) 799-2000

Synovus Bank, formerly known as NBSC a division of Synovus Bank

Columbia, South Carolina
May 14, 2019