UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| SYNOVUS BANK, formerly known as NBSC a division of Synovus Bank, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>STEVENS LAW FIRM, a/k/a Stevens Law Firm, PC, a/k/a The Stevens Law Firm, Professional Corporation; and JAMES P. STEVENS, JR., )<br>)<br>)<br>)<br>)<br>Defendants. )<br>_____ ) | Civil Action No.: 4:19-cv-01411-RBH<br><br><br><br>**ORDER** |

This matter is before the Court on Defendants Stevens Law Firm ("Stevens Law Firm") and James P. Stevens ("Mr. Stevens," and collectively with Stevens Law Firm, "Defendants") motion to dismiss Plaintiff Synovus Bank's ("Synovus") complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).[1] ECF No. 10. For the reasons discussed below, the Court denies Defendants' motion to dismiss.[2]

## **Factual and Procedural History**

Synovus's complaint generally alleges the follwing: Synovus is a Georgia banking corporation with its principal place of business in Columbus, Georgia. ECF No. 1 ("Compl") ¶ 1. Stevens Law Firm is a South Carolina corporation doing business in Horry County, South Carolina. *Id.* ¶ 2. Mr. Stevens is a citizen of Brunswick County, North Carolina. *Id.* ¶ 3.

---

[1] Defendants indicate their motion is brought pursuant to Fed. R. Civ. P. 12(b)(6). ECF No. 10 at 1. The Court assumes this is a scrivener's error, as motions to dismiss for lack of subject matter jurisdiction are properly brought pursuant to Fed. R. Civ. P. 12(b)(1), and the substance of Defendants' argument is that the Court lacks subject matter jurisdiction over this case, *see* ECF No. 10.

[2] This Court may decide motions without a hearing. *See* Local Civ. Rule 7.08 (D.S.C.). Having reviewed the parties' filings and the applicable law, the Court finds a hearing is unnecessary to decide the instant motion.

On about May 30, 2012, Stevens Law Firm executed a promissory note ("First Note") to Synovus in the principal amount of $274,104.43. *Id.* ¶ 11; ECF No. 1-1. The purpose of the First Note was to refinance an office building and consolidate debt. ECF No. 1-1 at 1. The First Note provided for 60 monthly payments, beginning on July 10, 2012, with a maturity date of June 10, 2017; the First Note was subject to five percent interest per year on the unpaid principal balance. Compl. ¶ 11; ECF No. 1-1 at 1. If Stevens Law Firm defaulted on the note, which included failing to make payment when due, the note indicated Stevens Law Firm was to pay the costs of any collection. Compl. ¶ 11; ECF No. 1-1 at 3.

To secure the First Note, Mr. Stevens executed real estate mortgages in favor of Synovus on property located in Loris, South Carolina. Compl. ¶ 12; ECF No. 1-2.[3] Mr. Stevens also executed a guaranty in favor of Synovus whereby he guaranteed payment of the First Note and mortgages to Synovus, and agreed to pay all costs of collection on the First Note. Compl. ¶¶ 21-22; ECF No. 1-4. The First Note was modified by agreements between Synovus and Defendants dated May 1, 2017, and May 18, 2018. Compl. ¶ 13; ECF No. 1-3.[4,5] The modifications changed the interest rate on the First Note and extended the maturity date to May 1, 2019. *Id.*

---

[3] The Loris, South Carolina property is commercial property, and thus is not subject to the South Carolina Supreme Court's Administrative Order of May 5, 2011. Compl. ¶ 9; *see also* South Carolina Supreme Court, *Administrative Order Re. Mortgage Foreclosure Actions*, available at: https://www.sccourts.org/courtOrders/displayOrder.cfm?orderNo=2011-05-02-01, (last accessed: Aug. 12, 2019) (stating "[t]he terms and conditions of this order shall apply to all mortgage foreclosure proceedings concerning Owner-Occupied dwellings in this State.").

[4] The modification agreements list as collateral securing the First Note and a subsequent promissory note the two mortgages on the Loris, South Carolina property, and a North Carolina Deed of Trust. ECF No. 1-3 at 2, 6. The North Carolina Deed of Trust is not at issue in this proceeding. *See generally* Compl.

[5] The Court notes there appears to be a scrivener's error in the modification agreements where the book number for the recording of one of the mortgages on the Loris property is incorrectly listed as "1348" rather than "4348." *Compare* ECF No. 1-3 at 2, 6 *with* ECF No. 1-2 at 1 *and* Compl. ¶ 12(b). That error, however, does not alter the Court's analysis on the instant motion.

Stevens Law Firm failed to pay Synovus all amounts due under the First Note, and is therefore in default; Synovus has thus declared the entire balance owing due and payable. Compl. ¶ 15. As of May 9, 2019, the amount due under the First Note is $95,218.79, plus interest, reasonable attorneys' fees, costs, and expenses. *Id.* ¶ 17.

On about October 28, 2016, Stevens Law Firm executed another promissory note ("Second Note") in favor of Synovus in the principal amount of $300,000. Compl. ¶ 27; ECF No. 1-5. The purpose of the Second Note was renewal. ECF No. 1-5 at 1. The Second Note provided for six monthly payments beginning December 1, 2016, with a maturity date of May 1, 2017. Compl. ¶ 27; ECF No. 1-5 at 1. The Second Note was subject to a variable interest rate which began at 7.05 percent per year and could fluctuate daily. *Id.* The Second Note, like the First Note, provided if Stevens Law Firm defaulted on the note by *inter alia* failing to make payment when due, Synovus would be entitled to collection costs. Compl. ¶ 31, ECF No. 1-5 at 3. The Second Note was secured by the same real estate mortgages as the First Note. Compl. ¶ 28; ECF No. 1-2. Mr. Stevens also executed a guaranty in favor of Synovus indicating he guaranteed payment of the Second Note and collection costs. Compl. ¶¶ 36-37; ECF No. 1-6. The Second Note was subject to the same two modification agreements as the First Note, which changed the interest rate and extended the maturity date on the Second Note to May 1, 2019. Compl. ¶ 29; ECF No. 1-3.[6]

Stevens Law Firm defaulted on the Second Note by failing to pay the amount due; Synovus thus declared the entire balance of the Second Note due and payable. Compl. ¶ 32. The amount due on the Second Note is $160,941.24, plus interest, reasonable attorneys' fees, costs, and expenses. *Id.* ¶ 33.

On May 14, 2019, Synovus filed the instant lawsuit in this Court against Defendants. Compl.

---

[6] *See supra* notes 4-5.

Synovus's complaint brought causes of action for: (1) foreclosure based upon default on the First Note; (2) collection on the guaranty based upon default on the First Note; (3) collection on the Second Note; (4) collection on the guaranty on the Second Note; (5) reformation; and (6) receivership. *Id.*

On July 5, 2019, Defendants filed a motion to dismiss Synovus's complaint in its entirety for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). ECF No. 10. Synovus responded. ECF No. 11. Accordingly, this matter is now ripe for decision before the Court.

## Standard of Review

A party may file a motion to challenge a federal court's subject matter jurisdiction over a case. Fed. R. Civ. P. 12(b)(1). In deciding a motion under Rule 12(b)(1), the burden is on the plaintiff to show subject matter jurisdiction exists, and the Court may consider evidence outside the pleadings without converting the motion into a motion for summary judgment. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). When ruling on a 12(b)(1) motion, the Court "should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." *Id.* "The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.*

## Discussion

Defendants move to dismiss Synovus's complaint in its entirety under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. ECF No. 10. Defendants advance three grounds in support of their motion to dismiss. *Id.* Defendants first argue 28 U.S.C. § 1441(b)(2) bars this Court from hearing the instant case because Stevens Law Firm is a citizen of South Carolina. *Id.* at 1. Defendants next aver a foreclosure action cannot be brought in federal court. *Id.* at 1-2. Finally, Defendants claim

4

Synovus availed itself of the State court by filing a *lis pendens* in Horry County, and thus this Court should abstain from exercising jurisdiction. *Id.* Synovus contests all three arguments. ECF No. 11. For the reasons that follow, Defendants' arguments are without merit.

As a preliminary matter, 28 U.S.C. § 1441(b)(2) limits federal court jurisdiction over actions removed from state court to federal court, not those originally filed in federal court. *See* 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."). The instant case was not removed to this Court, but was originally filed here. Compl. Thus, 28 U.S.C. § 1441(b)(2) has no application to the instant case. Further, this Court has subject matter jurisdiction over cases where the parties are diverse, and the amount in controversy exceeds $75,000, exclusive of costs and interests. 28 U.S.C. § 1332(a). Those requirements are met here as Synovus is a citizen of Georgia, Stevens Law Firm is a citizen of South Carolina, Mr. Stevens is a citizen of North Carolina, and the amount in controversy exceeds $255,000. Accordingly, this Court has subject matter jurisdiction over the instant case and Defendants' first argument fails.

Defendants' second contention is likewise unavailing. As analyzed above, the instant diversity action meets the requirements for this Court to have subject matter jurisdiction over the case. Further, foreclosure actions can be - and are - brought in federal court. *See, e.g., Residential Mortg. Loan Trust 2013-TT2 v. Lloyd*, 183 F. Supp. 3d 189 (D.Me. 2016) (bringing foreclosure, breach of note, breach of contract, quantum meruit, unjust enrichment, and writ of assistance causes of action in a case filed in the United States District Court for the District of Maine).

Regarding their final contention, Defendants are correct that "[i]f a state court has taken

jurisdiction of a res, a federal court must decline jurisdiction of an in rem action involving that same res." 17A Charles Alan Wright, Arthur R. Miller, Edward H. Cooper & Vikram David Amar, Federal Practice & Procedure: Jurisdiction. § 4247 (3rd ed. 2007) (footnote omitted). The *lis pendens* at issue here, however, does not confer jurisdiction upon the state court; it is merely a notice of the instant action pending before this Court, and is required under South Carolina law to be filed with the clerk of the county where the property is located. ECF No. 10-1; 14 S.C. Juris. Lis Pendens § 4 Purpose; S.C. Code Ann. § 15-11-10. Accordingly, the filing of the *lis pendens* did not confer jurisdiction over the property upon the state court such that this Court should abstain from exercising jurisdiction.[7] Thus, Defendants' third argument fails and Defendants' motion to dismiss is due to be denied.

---

[7] To the extent Defendants seek to argue the Court should abstain from exercising jurisdiction over this case under another abstention doctrine, that argument is without merit. Federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976); *see also id.* at 813 ("Abstention from the exercise of federal jurisdiction is the exception, not the rule."). As analyzed above, federal courts have jurisdiction over diversity actions, and the instant case qualifies for such jurisdiction.
    A variety of abstention doctrines exist, but none of them applies to the instant case. Federal court abstention is appropriate when a state court's resolution of a state law issue would resolve the case without having to decide a federal constitutional issue. *R.R. Comm'n of Texas v. Pullman Co.*, 312 U.S. 496 (1941). The instant case does not involve a constitutional issue. Federal court abstention is also appropriate in situations where there is an ongoing state court adjudication where the issues before the federal court can be raised. *See Colorado River Water Conservation Dist*, 424 U.S. 800 (providing a test for abstention where there is a concurrent, duplicative state court proceeding). Here, there is no ongoing state court litigation over the issues raised in the instant case. Finally, abstention is appropriate where the issues raised before the Court are issues of complex state law and policy, and the exercise of jurisdiction by the federal court would impinge upon the success of state policies, *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943), or upon state sovereignty, *Louisiana Power & Light Co. v. City of Thibodaux*, 360 U.S. 25 (1959). The issue at the base of the instant case - foreclosure - is a state law issue, and the state court's Masters-in-Equity have more experience with foreclosure than do the federal courts. Nonetheless, this is not a case raising complex issues of state law and policy where federal court jurisdiction would impinge upon state sovereignty or upon the success of state policies such that abstention is warranted here. *See Residential Mortg. Loan Trust 2013-TT2*, 183 F. Supp. 3d 189 (declining to exercise *Burford* abstention in a foreclosure case).

6

## **Conclusion**

For the foregoing reasons, the Court **DENIES** Defendants' motion to dismiss Synovus's complaint. ECF No. 10.

**IT IS SO ORDERED.**


Florence, South Carolina
August 26, 2019

s/ R. Bryan Harwell
R. Bryan Harwell
Chief United States District Judge