IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Synovus Bank, formerly known as NBSC a division of Synovus Bank, | ) ) ) | C/A No. 4:19-cv-01411-SAL |
| Plaintiff, | ) ) | |
| v. | ) ) | **OPINION & ORDER** |
| Stevens Law Firm a/k/a Stevens Law Firm, PC a/k/a The Stevens Law Firm, Professional Corporation; and James P. Stevens, Jr., | ) ) **)** ) ) | |
| Defendants. | ) ) ) | |

This matter is before the court on Plaintiff Synovus Bank, formerly known as NBSC a division

of Synovus Bank's ("Plaintiff") for Summary Judgment (the "Motion").[1]  [ECF No. 39.]  For the

reasons outlined below, the Motion is granted.

**BACKGROUND**

This commercial foreclosure and collection action arises out of the execution of a mortgage,

two promissory notes, two guarantees, and two loan modification agreements by Defendants

---

[1] The court notes that the motion for summary judgment was filed after the deadline for dispositive motions set forth in the Conference and Scheduling Order. [ECF No. 22.]  Accordingly, this court reminds the parties that it does not condone the filing of motions after the deadline established in the scheduling order where permission to do so was not obtained.  But, in this case, it finds that excusable neglect exists given that the motion was filed less than one month after the court's ruling on the motion to dismiss and that order suggested that a motion for summary judgment or a final damages hearing was the appropriate resolution for the remaining defenses in this case. [ECF No. 38.]  Considering Plaintiff's motion now is in the interest of judicial economy and efficiency for both the parties and the court. *Malone v. Greenville Cty.*, No. 6:06-cv-2631, 2008 WL 1438221, at *2 (D.S.C. Apr. 10, 2018) (denying motion to strike late-filed motion for summary judgment where it was in the interest of judicial economy to consider it). Moreover, Defendants did not object to Plaintiff's motion on this ground.  The parties are reminded that in the future, however, they must file a motion for leave to extend the scheduling order deadline prior to filing a late motion.

Stevens Law Firm a/k/a Stevens Law Firm, PC a/k/a The Stevens Law Firm, Professional Corporation ("Stevens Law Firm") and James P. Stevens, Jr. ("Mr. Stevens") (together "Defendants"). The action was previously before the court on Plaintiff's Motion to Dismiss Counterclaims and Strike Affirmative Defenses. [ECF No. 20.] By order dated July 20, 2020, the court granted the motion in part, dismissing all of Defendants' counterclaims and striking certain affirmative defenses. [ECF No. 38.] Defendants' affirmative defenses related to the proper application of payments, late charges, and interest survived dismissal. *Id.* at pp.20–22; [*see also* ECF No. 14, Ans. at ¶¶ 44–54.]

On August 18, 2020, Plaintiff filed the Motion that is the subject of this Order. Plaintiff seeks summary judgment on one issue—the amount due and owing on the debt.[2] [ECF No. 39.] Defendants requested and received an extension of time to respond to the Motion, and they filed their response in opposition on September 30, 2020. [ECF Nos. 41, 43, 44.] Plaintiff submitted a reply on October 8, 2020. [ECF No. 45.] The matter is ripe for resolution by this court.

## LEGAL STANDARD

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. American Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The party seeking summary judgment shoulders

---

[2] According to Plaintiff, the court's order on the Motion to Dismiss Counterclaims and Strike Affirmative Defenses resolved any "defenses or counterclaims to challenge the ultimate foreclosure and judgment on the Notes." [ECF No. 39 at p.2.] Having reviewed the Complaint, Answer and Counterclaim, and Order, the court agrees. Further, the court notes that Defendants do not object to or counter this argument by Plaintiff.

the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party makes this threshold demonstration, the non-moving party may not rest upon mere allegations or denials averred in the pleading, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56; *see also Celotex Corp.*, 477 U.S. at 323. A party asserting that a fact is genuinely disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). A litigant is unable to "create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1996).

## DISCUSSION

The issue before the court on summary judgment is a limited one. Plaintiff contends that the existence of the debt and Defendants' liability on the debt are not in dispute and, as a result, the only issue left to be decided in light of Defendants' remaining defenses is the amount of the debt. [ECF No. 39.] To support its position, Plaintiff submits an Affidavit of Debt signed by Jeffrey M.

Carter, Special Assets Officer for NBSC, a Division of Synovus Bank. [ECF No. 39-1.][3] Plaintiff

argues "Defendants can offer no actual evidence to rebut the amounts owing . . . and can offer no

evidence that Plaintiff improperly applied payments or charged improper amounts." [ECF No. 39

at p.4.] As a result, Plaintiff contends that Defendants are without evidence to support any

"improper charges, improper amounts, or improper application of payments" as alleged in their

remaining affirmative defenses. *Id.*

Relying on Rule 56(d), FRCP,[4] Defendants' primary argument in response is that this court

should deny or defer summary judgment until they have had additional time to engage in discovery.

[ECF No. 44.] Generally speaking, the court agrees with Defendants that the "summary judgment

[should] be refused where the nonmoving party has not had the opportunity to discover information

that is essential to his opposition" and that the proper mechanism for such a claim is a Rule 56(d)

affidavit. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 250 n.5 (1986); *Celotex Corp*., 477 U.S.

at 322 (noting summary judgment, as a general rule, is appropriate after "adequate time for

discovery"); *see also Bankers Standard Ins. Co. v. Chalmers*, No. 9:19-cv-248, 2020 WL

1187365, at *4 (D.S.C. Mar. 12, 2020) ("Generally, the proper vehicle . . . is a Rule 56(d) affidavit

in which a party declares the need for additional discovery."). Yet, the court cannot agree that

Defendants' affidavit and corresponding arguments establish that additional discovery will likely

create a genuine dispute of material fact.

---

[3] Attached to and referenced in the affidavit are copies of the promissory notes, mortgages, loan modifications, guaranty agreements, correspondence regarding payments received and applied post-default, and statements evidencing application of payments and interest to the principal balance. [ECF No. 39-1.]

[4] Until 2010, the language in current-Rule 56(d), FRCP was found in then-Rule 56(f), FRCP. *See* Fed. R. Civ. P. 56 Comments to the 2010 Amendments ("Subdivision (d) carries forward without substantial change the provisions of former subdivision (f)."). Because the move to subdivision (d) did not substantively change the rule, cases interpreting pre-amendment subdivision (f) are of equal relevance and force.

Rule 56(d) provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).  The rule "permits a court to deny summary judgment or to order a continuance if the nonmovant shows through affidavits that it could not properly oppose a motion for summary judgment without a chance to conduct discovery." *Evans v. Techs. Applications & Servs. Co.*, 80 F.3d 954, 961 (4th Cir. 1996).  "The purpose of the affidavit is to ensure that the nonmoving party is invoking the protections of Rule 56[(d)] in good faith and to afford the trial court with the showing necessary to assess the merit of a party's opposition." *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002) (citing *First Chicago Int'l v. United Exchange Co.*, 836 F.2d 1375, 1380 (D.C. Cir. 1988)).  To satisfy Rule 56(d)'s mandates and obtain additional discovery, the nonmoving party "must *specifically allege* why the information sought would [be] sufficient to create a genuine issue of material fact such that it would [] defeat[] summary judgment." *Strag v. Bd. of Trustees, Craven Cmty. College*, 55 F.3d 943, 954 (4th Cir. 1995) (emphasis added).

In this case, Defendants have several hurdles to additional discovery that they simply are unable to overcome.  First, the Affidavit of James P. Stevens, Jr. requests "the accounting to show each monthly payment," ECF No. 44-1 at ¶ 17, but fails to set forth "specifically" why the accounting would create a genuine dispute of material fact to defeat summary judgment.  Second, payment histories for both loans, from the date of the second modification forward, were attached to Plaintiff's supporting affidavit. [ECF No. 39-1, Ex. F.]  Accordingly, the court is unable to determine how an additional accounting-type document would by itself create a genuine dispute

of material fact sufficient to defeat summary judgment. *Strag*, 55 F.3d at 954; *see also Finzel v. Mazda Motor of Am.*, 172 F.3d 43 (Table), at \*2 (4th Cir. 1999) ("The nonmovant may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts.").

Third, and perhaps most importantly, the accounting that Defendants seek through Rule 56(d) could have been sought during the discovery period, but it was not. This court issued a Conference and Scheduling Order on September 17, 2019. [ECF No. 22.] It included an April 14, 2020 deadline for completion of discovery. *Id.* On October 9, 2019, the parties jointly submitted a Rule 26(f) report in which they "agree[d] that the schedule set forth in the Conference and Scheduling Order filed is appropriate for this case." [ECF No. 27.] Moreover, in the separately-submitted joint discovery plan, the parties "agree[d] that discovery should be completed in accordance with the Court's Scheduling Order dated September 17, 2019, and that discovery shall only be limited as set forth in the Federal Rules of Civil Procedure and the Local Civil Rules[.]" [ECF No. 28.] While Plaintiff's motion to dismiss was pending at that time, neither party "desiring a stay on [that] basis" filed a separate motion to stay. Local Civil Rule (D.S.C.) 16.00(C). Without a stay in place, the parties were to proceed with discovery and completion of the same within the time period outlined in the scheduling order.

The fourth and final point on the Rule 56(d) request relates directly to the third: Defendants were not diligent in pursuit of their discovery rights and cannot now seek the protections of Rule 56(d). *See CBRE Realty Fin. TRS, LLC v. McCormick*, 414 F. App'x 547, 551 (4th Cir. 2011) (affirming district court's denial of request for additional discovery). Defendants concede in their response that they "did not engage in formal discovery prior to the ruling" on Plaintiff's motion to dismiss "to avoid incurring additional and unnecessary attorney fees." [ECF No. 44 at p.4.] Instead, Defendants chose to rely on their alleged rights "as customers of the Plaintiff" to seek an

accounting of payments. *Id.* Given these admissions, this court is "hard-pressed to conclude that . . . [Defendants] exercised due diligence or were otherwise 'vigilant' *before*" Plaintiff moved for summary judgment. *Ayala-Gerena v. Bristol Myers-Squibb Co.*, 95 F.3d 86, 92 (1st Cir. 1996). Because Rule 56(d) is "not designed to protect 'those who slumber upon perceptible rights," this court cannot grant Defendants' Rule 56(d) request. *CBRE Realty*, 414 F. App'x at 551 (citing *Ayala-Gerena*, 95 F.3d at 92); *see also Branch Banking & Tr. Co. v. Lexiam Enters., LLC*, No. 3:15-cv-2928, 2016 WL 9559894, at *1 (N.D. Tex. Sept. 2, 2016) (A "conscious choice to forgo discovery does not justify relief under Rule 56(d).").[5]

Briefly turning to Defendants' second argument in response to Plaintiff's Motion, the court finds that is insufficient to create a genuine dispute of material fact. Defendants argue that they believe the "principal on the second mortgage should still be $95,097.27 and the interest . . . should not have been increased[.]" [ECF No. 44 at p.5.] These two arguments are mere conclusory statements. *Beale*, 769 F.2d at 214 (A litigant is unable to "create a genuine issue of material fact through mere speculation or the building of one inference upon another."). Defendants fail to identify any language in the promissory notes, mortgages, loan modification agreements, or any other documents before the court that prohibits application of post-default and post-acceleration payments to principal. Further, Defendants fail to identify any particular document in the record that would support even an inference that interest was improperly calculated. The court therefore

---

[5] Courts may refuse to reward Rule 56(d) relief when a party is "lax in pursuing discovery." *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002); *see also Branch Banking & Tr. Co. v. Lexiam Enters., LLC*, No. 3:15-cv-2928, 2016 WL 9559894, at *1 (N.D. Tex. Sept. 2, 2016) ("The party requesting the additional discovery or extension also must show that relevant discovery has been diligently pursued."); *Doi v. Aoki*, No. 10-cv-639, 2012 WL 3100179, at *13–*14 (D. Haw. July 27, 2012) (denying Rule 56(d) continuance where court could not conclude there was diligence in efforts to pursue discovery); *Hartford Cas. Ins. Co. v. Trinity Univ. Ins. Co. of Kan.*, 153 F. Supp. 3d 1323, 1334 (D.N.M. 2015) (noting that if the party filing the Rule 56(d) affidavit is dilatory in discovery, the request may be denied).

concludes that this argument does not create a genuine dispute of material fact or suggest that

Plaintiff is not entitled to judgment as a matter of law on the amount of the debt owed to it.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Summary Judgment on the amount owed,

ECF No. 39, is **GRANTED**.  Plaintiff is directed to submit a proposed order of foreclosure and

other accompanying documents to complete the sale to the court within ten (10) days of the date

of this Order.

**IT IS SO ORDERED.**

/s/ Sherri A. Lydon
United States District Judge

October 30, 2020
Florence, South Carolina